

**IT IS ORDERED as set forth below:**

**Date: December 6, 2019**

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 18-43027-PWB |
| | ) |
| TONI KAY CALLIHAN, | ) CHAPTER 13 |
| | ) |
| Debtor. | ) |
| | ) |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES II TRUST, | ) |
| | ) CONTESTED MATTER |
| Movant, | ) |
| vs. | ) |
| TONI KAY CALLIHAN, and MARY IDA TOWNSON, Trustee, | ) |
| Respondents. | ) |

**ORDER GRANTING DELINQUENCY MOTION**

U.S. Bank Trust National Association, as Trustee of the Igloo Series II Trust, c/o SN Servicing Corporation, its servicing agent ("Movant"), filed a Motion for Relief from

Stay on April 25, 2019 (Doc. No. 28) on which a hearing was scheduled for May 15, 2019. Movant and Debtor entered into a Consent Order that was filed on May 23, 2019 (Doc. No. 30). Movant filed a Delinquency Motion and an Affidavit of Default on November 25, 2019 (Doc. No. 34) (collectively "Delinquency Motion") subsequent to a default by Debtor on the terms of the Consent Order. For good cause shown, it is hereby ORDERED AND ADJUDGED as follows:

1.

The Motion is hereby granted.

2.

The stay set forth in FBR 4001(a)(3) is hereby waived, and the automatic stay is hereby modified to permit Movant to pursue and enforce under non-bankruptcy law any and all rights it has in and to that certain real property as more particularly described in the subject loan documents and commonly known as 3964 Old Yorkville Rd., Dallas, GA 30157 ("Real Property"), including, but not limited to, advertising and conducting a foreclosure sale, seeking confirmation of the foreclosure sale in order to pursue any deficiency, and seeking possession of the Real Property. However, Movant and/or its successors and assigns may offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement, short sale, deed in lieu of foreclosure, or any other type of loan workout/loss mitigation agreement. Movant may contact Debtor via telephone or written correspondence to offer any such agreement.

3.

Upon entry of this Order, the Chapter 13 Trustee shall cease funding Movant's pre-petition claim. Upon completion of any foreclosure sale by Movant during the pendency of this case, all proceeds exceeding Movant's lawful debt that would otherwise be payable to Debtor shall be promptly remitted to the Chapter 13 Trustee. Movant is

granted leave to seek allowance of a deficiency claim, if appropriate, but Debtor and the Chapter 13 Trustee shall be entitled to object to said deficiency claim.

[END OF DOCUMENT]

PREPARED BY:
Attorney for Movant

/s/
Marc E. Ripps
Georgia Bar No. 606515

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377
Email: meratl@aol.com

# DISTRIBUTION LIST ON ORDER

Pursuant to LR 9013-3(c) NDGa., the Order shall be served upon the following parties in interest:

Marc E. Ripps, Esq.
P.O. Box 923533
Norcross, Georgia 30010-3533

Mary Ida Townson, Esq.
Chapter 13 Trustee
191 Peachtree Street
Suite 2200
Atlanta, GA 30303

Jeffrey B. Kelly, Esq.
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161

Toni Kay Callihan
3964 Old Yorkville Rd.
Dallas, GA 30157